**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Guerra, | No. CV-16-00057-PHX-NVW |
| Plaintiff, | |
| v. | **ORDER** |
| Fry's Food Stores of Arizona, Inc.; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration Re: Discharge of Order to Show Cause (Doc. 12) and Plaintiff's Motion to Remand (Doc.14).

## I.   BACKGROUND

On January 11, 2016, a document titled "Defendant Smith's Food & Drug Centers, Inc. dba Fry's Food Stores' <u>Amended</u> Notice of Filing Notice of Removal,"[1] on a

---

[1] In this Order "Fry's" refers collectively to the five corporate defendants named in the Complaint.  The Complaint filed December 8, 2015, in the Superior Court of the State of Arizona in and for the County of Maricopa, names seven Defendants:  "Fry's Food Stores of Arizona, Inc., a California corporation d/b/a Frys' [*sic*] Marketplace; Fry's Food Stores, Inc., a California corporation d/b/a Fry's Marketplace; Smith's Food & Drug Centers, Inc., an Ohio corporation; The Kroger Co., an Ohio corporation; Kroger Dedicated Logistics Co., an Ohio corporation; Diana Foerst Garcia, an Arizona resident; Javier Lopez, an Arizona resident."  (Doc. 1-2.)  The title of the Amended Notice of Removal (Doc. 1-1) refers to "Defendant Smith's Food & Drug Centers, Inc. dba Fry's Food Stores," but the document itself states that it is filed by "Defendants Fry's Food Stores of Arizona, Inc., a California corporation dba Fry's Marketplace; Fry's Food Stores, Inc., a California corporation dba Fry's Marketplace; Smith's Food & Drug Centers, Inc., an Ohio corporation dba Fry's Food Stores; and Kroger Dedicated Logistics Co., an Ohio corporation (collectively "Fry's"), omitting The Kroger Co.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pleading template for the Superior Court of the State of Arizona in and for the County of Maricopa, was filed in this Court.  (Doc. 1.)  Although the document was filed on January 11, 2016, and the title includes the word "Amended," the signature is dated January 8, 2016.  (*Id.*)  Fry's Amended Notice of Filing Notice of Removal states, "Attached hereto is a copy of the Notice of Removal filed in said U.S. District Court."  (*Id.*)  The Notice of Filing includes an attachment titled "Defendant Smith's Food & Drug Centers, Inc. dba Fry's Food Stores' Amended Notice of Removal Under [28] U.S.C. § 1332 (Diversity)." (Doc. 1-1.)  Although the attachment was filed on January 11, 2016, the signature on the attachment is dated January 8, 2016.  (*Id.*)

Fry's Amended Notice of Removal states that Plaintiff served process on Fry's statutory agent on December 9, 2015, and Fry's attempted to electronically file its notice of removal on January 8, 2016.  Fry's received confirmation that its filing fee was paid at 2:33 p.m. on Friday, January 8, 2016.  On Monday, January 11, 2016, Fry's received notice from the Clerk of Court that Fry's filing fee was processed on January 8, 2016, but the removal documents had not been filed.  (*Id.*)

Fry's Amended Notice of Removal, filed on January 11, 2016, states, "Out of an abundance of caution, this Amended Notice has been filed on the date indicated below." (*Id.*)  The "date indicated below" on Fry's Amended Notice of Removal is January 8, 2016.  Fry's Amended Notice of Removal states, "Defendants will provide written notice of the filing of this notice to counsel for Plaintiff and will file a copy of this Notice of

---

"Defendants' Answer to Plaintiff's Complaint" (Doc. 9) defines "Fry's" as referring only to Smith's Food & Drug Centers, Inc. dba Fry's Food Stores" and defines "Defendants" as meaning the five named Fry's-related corporations, including The Kroger Co., and Diana Foerst Garcia.  In "Defendants' Response to Plaintiff's Motion for Reconsideration Re: Discharge of Order to Show Cause" (Doc. 17), Defendants defined "Fry's" as including the five Fry's-related corporations plus Garcia.  In "Defendants' Response to Plaintiff's Motion for Remand" (Doc. 20), Defendants defined "Fry's" as including the five Fry's-related corporations, but not the two individual defendants, which is the definition used in this Order.

Removal with the clerk of the Superior [C]ourt of the State of Arizona in and for the County of **Pima** . . . ." (*Id.*, emphasis added.)

It appears that on January 8, 2016, Fry's filed in the Maricopa County Superior Court a "Notice of Filing Notice of Removal" that refers to an attached Notice of Removal that was filed in district court, but nothing was attached. It also appears that on January 11, 2016, Fry's filed in the Maricopa County Superior Court an "Amended Notice of Filing Notice of Removal" that refers to an attached Notice of Removal that was filed in district court, but nothing was attached.

Although Fry's Amended Notice of Removal states that copies of all removal documents were mailed to Plaintiff's counsel on January 8, 2016, Fry's did not submit to the Court an affidavit regarding mailing the initial Notice of Removal to Plaintiff's counsel. The Certificate of Service on Fry's Amended Notice of Removal states that on January 8, 2016,[2] the Amended Notice of Removal was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and would be electronically sent to Plaintiff's counsel as a registered participant. However, Plaintiff's counsel would not have been a registered participant in this case before making an appearance in this Court. The Certificate of Service does not say that the Amended Notice of Removal was mailed to Plaintiff's counsel on January 11, 2016. Moreover, Plaintiff submitted to the Court a declaration from an employee of Plaintiff's counsel's firm stating that she is responsible for opening, stamping, scanning, and electronically saving all documents delivered to the firm by mail; the firm never received, via regular first class mail, a copy of a notice of removal dated January 8, 2016; and the first document the firm received in the mail from this case was Fry's Amended Notice of Removal.

In addition to claiming to be timely filed, Fry's Amended Notice of Removal claims diversity jurisdiction despite Plaintiff and two of the defendants being citizens of

---

[2] Apparently when the Notice of Removal was amended, the date on the Certificate of Service was not.

Arizona because "Plaintiff has not stated a cause of action upon which it [*sic*] can prevail against putative defendants Diana Forest Garcia and Javier Lopez." (Doc. 1-1 at 4.) Fry's Amended Notice of Removal also states that Defendants Garcia and Lopez do not need to join in the notice of removal because their inclusion in the lawsuit constitutes fraudulent joinder. (Doc. 1-1 at 2.)

Fry's Amended Notice of Removal states that "[t]rue and complete copies of all process and pleadings served on the Defendants in this action are attached hereto as Exhibit 4." (Doc. 1-1 at 6.) It includes a form showing proof of service of process on Smith's Food & Drug Centers, Inc. (Doc. 1-2 at 8.) It does not include proof of service on any other defendant. The Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction that was filed with the Amended Notice of Removal states that Fry's, Garcia, and Lopez were served on December 9, 2015, through service on the statutory agent, Corporation Service Company. (Doc. 1-4.)

On January 12, 2016, "Defendant Diana Foerst Garcia's Notice of Removal Under [28] U.S.C. § 1332 (Diversity)" was filed in this Court. (Doc. 6.) It states that "[t]rue and complete copies of all process and pleadings served on the Defendants in this action are attached hereto as Exhibit 4." (Doc. 6 at 6.) It states that Defendant Garcia was served with process on December 13, 2016, and Defendant Lopez had not been served. But Garcia's Notice of Removal includes forms showing proof of service for Smith's Food & Drug Centers, Inc., on December 9, 2015 (Doc. 1-2 at 8; Doc. 6 at 15; Doc. 6-1 at 8), and proof of service for Javier Lopez at an allegedly incorrect address on December 23, 2015 (Doc. 6 at 9; Doc. 6-1 at 2). It does not include any proof of service on Defendant Garcia. Garcia's Notice of Removal further states that the Arizona citizenship of Defendants Garcia and Lopez does not defeat diversity jurisdiction because they were fraudulently joined, and the "forum defendant rule," which ordinarily bars a resident defendant from removing a case to federal court in her home state, does not apply to fraudulently joined defendants. Garcia's Notice of Removal further states, "Defendants

will provide written notice of the filing of this notice to counsel for Plaintiff and will file a copy of this Notice of Removal with the clerk of the Superior [C]ourt of the State of Arizona in and for the County of **Pima** . . . ."  (*Id.*, emphasis added.)

On January 13, 2016, the Court ordered Defendant Fry's to show cause why this case should not be remanded to the Maricopa County Superior Court for the State of Arizona for lack of compliance with 28 U.S.C. § 1446(b)(1), which requires removal within 30 days of receipt of the initial pleading.  (Doc. 8.)  On January 14, 2016, Defendants Smith's Food & Drug Centers, Inc. dba Fry's Food Stores ("Fry's"), Fry's Food Stores of Arizona, Inc., Fry's Food Stores, Inc., The Kroger Co., Kroger Dedicated Logistics Co., and Diana Foerst Garcia filed their Answer to Plaintiff's Complaint.  (Doc. 9.)

On January 20, 2016, Fry's responded to the order to show cause regarding timeliness of its removal and also noted that later-served Defendant Garcia had filed a notice of removal.  (Doc. 10.)  On January 26, 2016, the Court ordered, "In light of the later timely removal by Defendant Garcia (Doc. 6), any untimeliness of the removal by Defendant Fry's is moot."  (Doc. 11.)  On February 1, 2016, Plaintiff moved for reconsideration of the January 26, 2016 Order and requested award of attorney fees under 28 U.S.C. § 1447(c).  (Doc. 12.)  Defendants Fry's and Garcia filed a response, and Plaintiff filed a reply.  (Docs. 17, 19.)

On February 8, 2016, Plaintiff filed a motion to remand this case to the Maricopa County Superior Court for the State of Arizona and requested award of attorney fees under 28 U.S.C. § 1447(c).  (Doc. 14.)  A response was filed on behalf of all of the Defendants, and Plaintiff filed a reply.  (Docs. 20, 21.)

Defendant Javier Lopez filed his Answer to Plaintiff's Complaint (Doc. 15) and Notice of Consent to Removal to District Court (Doc. 16) on February 8, 2016.  The Notice of Consent states that Lopez "had not been served at the time this case was removed to Federal Court by defendant Smith's Food & Drug Centers, Inc. dba Fry's

Food Stores and defendant Diana Foerst Garcia."  (Doc. 16.)  It does not state when Lopez was served.

## II.    LEGAL STANDARD

A defendant generally may remove to federal district court any civil action brought in a state court if the action is one for which federal district courts have original jurisdiction.  28 U.S.C. § 1441(a).  A defendant desiring to remove a civil action from state court to federal court must file a notice of removal in the federal district court within 30 days after receipt by the defendant of a copy of the initial pleading, through service or otherwise.  28 U.S.C. § 1446(a), (b)(1).  The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  When a civil action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Promptly after filing the notice of removal, defendants must give written notice to all adverse parties and file a copy of the notice of removal with the clerk of the state court from which the case is being removed, "which shall effect the removal."  28 U.S.C. § 1446(d).

Because the right of removal is based entirely on federal statute, statutory procedures for removal are to be strictly construed.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).  There is a strong presumption against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Diversity jurisdiction requires that the controversy be between citizens of different states, i.e., the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  "Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A non-diverse defendant may be considered

"fraudulently joined," and his presence in the lawsuit ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (citation omitted); *accord Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* at 1046 (citation omitted).

Moreover, if the only basis for original jurisdiction is diversity under § 1332(a), the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Violation of this forum defendant rule does not deprive a federal court of subject matter jurisdiction, but it allows the plaintiff to request within 30 days of removal that the case be remanded to state court. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (*Id.*)

III. **ANALYSIS**

A.   **The Court Lacks Removal Jurisdiction Over This Case.**

The parties do not dispute that Plaintiff and two of the Defendants, Garcia and Lopez, are citizens of Arizona, the state in which this action was brought. In order for the Court to have removal jurisdiction under § 1441(a) based on complete diversity, the Court must find that Garcia and Lopez are fraudulently joined, i.e., the Court must find it obvious that Plaintiff fails to state a claim against either Garcia or Lopez under Arizona law.

Arizona follows a notice pleading standard, which requires that a pleading "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, 189 P.3d 344, 346 (2008). The Complaint alleges that Garcia was the assistant store manager and Lopez was the store manager at the grocery store where Plaintiff slipped and fell on loose grapes on the floor of the store's produce department, which caused Plaintiff permanent injuries. The Complaint alleges that each of the Defendants had a duty to follow reasonable and prudent policies and procedures, including inspection and maintenance, to ensure that the floor of the produce department was reasonably safe and free from hazards such as loose grapes. Although many of the Complaint's allegations "lump together" all of the Defendants, it describes them as "grocery store owners, operators, managers," etc., and alleges that had they implemented proper safety procedures, Plaintiff's injuries would have been prevented. The Complaint does not allege that Garcia and Lopez are vicariously liable for Fry's torts.

The Complaint is not a model of clarity, but it gives Garcia and Lopez fair notice of the nature and basis of Plaintiff's negligence claim. All of the Defendants filed Answers, not motions under Rule 12(b)(6) or 12(e), which suggests the Complaint was not so poorly drafted as to deprive Defendants of fair notice of the nature and basis of Plaintiff's claims. Fry's contends that because Garcia and Lopez are not the owners or possessors of the premises, neither can be held individually liable for Plaintiff's injuries, but cites no binding or persuasive authority holding that to be true as a matter of law. If Plaintiff has failed to state a claim against either Garcia or Lopez, it is not obvious under settled Arizona law. It cannot be concluded that there is no possibility that a state court would find that the Complaint states a cause of action against either Garcia or Lopez. Therefore, the Court finds that neither Garcia nor Lopez is fraudulently joined, the Court lacks diversity jurisdiction over this matter, and remand is required. This case also should be remanded under the forum defendant rule, 28 U.S.C. § 1441(b)(2).

**B.      Fry's Did Not Timely Remove This Case.**

The parties do not dispute that Fry's did not file a notice of removal in this Court within 30 days after receipt of the Complaint.  Fry's asks the Court to deem its January 8, 2016 attempt to file a Notice of Removal as timely or find its "apparently unsuccessful electronic transmission of the removal documents within the deadline constitutes excusable neglect."   Fry's submitted a declaration by the legal assistant stating she attempted to electronically file a Notice of Removal on January 8, 2016; it does not include a copy of the Notice of Removal she attempted to file.  Fry's also submitted a declaration by its law firm's information technology manager, who reviewed the legal assistant's Internet history and confirmed that she had opened certain documents and visited multiple pages under the Website for the Court's electronic filing system.  Exhibit 3 to the information technology manager's declaration is a copy of a .pdf document named Notice of Removal to District Court, which among other things, states that Defendants Garcia and Lopez join in the notice of removal.

The Court's Electronic Case Filing Administrative Policies and Procedures Manual states that filing of a document consists of electronic transmission to the ECF system together with the transmission of a Notice of Electronic Filing from the Court. The Manual also states that to open a new case, the user must pay the filing fee through Pay.gov.  If payment is not accepted by Pay.gov, the ECF system will not complete the transaction and the case will not be opened.  Initial case filings must be submitted electronically by filing the initiating documents and civil cover sheet.  A notice of removal, including a copy of the state court record, must also include a Supplemental Civil Cover Sheet as an attachment.  The Manual defines "technical failure" as "a malfunction of court-owned/leased hardware, software, and/or telecommunications facility which results in the inability of a registered user to submit a filing electronically." The Manual states that problems on the filer's end will not generally excuse an untimely

filing, but a registered user whose filing is untimely due to a technical failure may seek relief from the Court.

There is no evidence of a "technical failure," as defined in the Manual.  In fact, there is very little of evidence of what Fry's attempted to file on January 8, 2016, and it did not refile the same documents on January 11, 2016.  There is no authority for the Court to find Fry's January 11, 2016 filing of the Amended Notice of Removal (as an attachment to an Amended Notice of Filing Notice of Removal) as timely because of excusable neglect.  Moreover, the January 11, 2016 filing has multiple flaws, including that it appears to be what should have been filed in the Maricopa County Superior Court, not this Court; it bears the wrong date; it declares that it will be filed in Pima County Superior Court; it does not include a copy of the complete state court record or all process and pleadings served on the Defendants; and the Supplemental Civil Cover Sheet states that all of the Defendants were served on December 9, 2015.  Further, it appears that a notice of filing was filed in Maricopa County Superior Court without an attached notice of removal.

Even if the Court determined that Garcia and Lopez were fraudulently joined, strict construction of the statutory removal procedures would preclude finding any of Fry's removal attempts to be timely.

### C.     This Case Cannot Be Removed by Defendant Garcia.

Because Garcia is not fraudulently joined, her presence destroys diversity of citizenship removal jurisdiction.  She is also barred from removing because she is a forum defendant.  It is not necessary to decide whether she could remove as a fraudulently joined forum defendant.

For these multiple reasons, remand to the state court is necessary.

### D.     Postscript

It is regrettable that Fry's attempted filing failed because of counsel's and his staff's lack of complete familiarity with the Court's Electronic Case Filing

Administrative and Procedures Manual.  If familiar with the Manual, they would have known they cannot count on a document having been filed until they receive electronic confirmation, not just that the fee was paid, but that the document was filed.  The job is not done until the confirmation is received.  Fortunately, that oversight causes no harm in this case because the case is otherwise unremovable.  This case is a reminder to attorneys that electronic filing is a technical matter, not a learn-as-you-go experiment, and they cannot do it safely without knowing the Manual.

This case also points out an important principle of law practice:  never plan to file a time-jurisdictional document on the last day.  There is no time for anything to go wrong and still be fixed.  In earlier times, the courier on his way to file the document could be in an auto accident and end up in the hospital rather than the clerk's office.  Now the details of electronic filing can leave some thinking they are done when they are not.  Just file it at least one day before the deadline.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration Re: Discharge of Order to Show Cause (Doc. 12) and Plaintiff's Motion to Remand (Doc.14) are granted.

IT IS FURTHER ORDERED that the January 26, 2016 Order (Doc. 11) is vacated.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1447(c), the Clerk shall remand this case to the Maricopa County Superior Court for the State of Arizona.  The Clerk shall terminate this case in this court.

Dated this 21st day of March, 2016.

_____

Neil V. Wake
United States District Judge